IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DONALD RAY MCCRAY | § | |
| VS. | § | CIVIL ACTION NO. 1:10-CV-732 |
| BRAD LIVINGSTON | § | |

**MEMORANDUM OPINION REGARDING TRANSFER**

Plaintiff Donald Ray McCray, an inmate confined at the Beto Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Livingston. Plaintiff originally filed the action in the Northern District of Texas on a form intended for prisoners filing habeas petitions. The case was construed as a civil rights action and transferred to the Tyler Division of the Eastern District of Texas. Because the order transferring the case erroneously recited that plaintiff is confined at the Stiles Unit, the case was transferred from the Tyler Division to the Beaumont Division.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972); *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division

where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff complains of incidents that occurred at the Beto Unit. The Beto Unit is located in Anderson County, which is in the Tyler Division of the United States District Court for the Eastern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if the complaint were transferred to the division in which the claims arose. Therefore, the case should be transferred to the Tyler Division. An order so providing will be entered by the undersigned.

**SIGNED** this   16   day of           November          , 2010.

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE